UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Bobby Joe Barton, | ) | Civil Action No.:  9:18-cv-748-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scott Lewis, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1]  [ECF No. 54].  The Magistrate Judge recommends the Court grant Respondent's second motion for summary judgment [ECF No. 29] and dismiss Petitioner's *pro se* petition under 28 U.S.C. § 2254 (the "§ 2254 petition") [ECF No. 1] with prejudice.  Also pending is Petitioner's motion for a certificate of appealability [ECF No. 63].

### **Background**[2]

Petitioner[3], a state inmate at the SCDOC's Perry Correctional Institution, brings this action *pro se* for a writ of habeas corpus by a person in state custody against Respondent.  *See* Pet. at 1 [ECF No.

---

[1]      The Magistrate Judge issued the R&R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), reviewing the § 2254 petition pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.").

[2]      The R&R summarizes the factual and procedural background of this case, as well as the applicable legal standards.  *See* R&R at 1–8.

[3]      The R&R's caption includes Petitioner's identification number with the South Carolina Department of Corrections ("SCDOC") as #182302; however, the § 2254 petition and a search of the SCDOC inmate locator indicate his identification number is #163629.  *See* Inmate Search Detail Report, https://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000163629 (last visited Mar. 21, 2019).

1].

**A.    State Court Proceedings**

On August 10, 2010, Petitioner was convicted in South Carolina state court of armed robbery and sentenced to twenty-five years of imprisonment.  R&R at 2; Verdict [ECF No. 30-1]; Trial Tr. at 267:10–12, 275:9 [ECF No. 30-2].  At trial, he was represented by attorney Susannah C. Ross ("trial counsel").  R&R at 2.  On direct appeal, he was represented by attorney Lanelle Cantey Durant of the South Carolina Commission on Indigent Defense ("direct appeal counsel").  *Id.*  The South Carolina Court of Appeals affirmed his conviction and sentence.  *Id.* at 3; Ct. of Appeals Op. [ECF No. 30-5]. The South Carolina Supreme Court denied his petition for writ of certiorari.  R&R at 3; Order Denying Writ [ECF No. 30-8].

Subsequently, Petitioner filed an application for post-conviction relief ("PCR") in state circuit court, raising as grounds:  (1) ineffective assistance of trial counsel; (2) ineffective assistance of direct appeal counsel; (3) procedural due process; (4) prosecutorial misconduct; and (5) judicial misconduct. R&R at 3–4; Appl. for PCR [ECF Nos. 30-9, 30-10, 30-15].  Attorney Caroline Horlbeck ("PCR counsel") represented Petitioner during an evidentiary hearing on his PCR application, which the PCR judge denied.  R&R at 4; Evidentiary Hr'g Tr. [ECF No. 30-17]; Order of Dismissal [ECF No. 30-18]. PCR counsel was relieved, and attorney R. Mills Arial, Jr. (also "PCR counsel"), who was subsequently appointed to represented Petitioner, filed a motion to reconsider [ECF No. 30-20], which was denied. R&R at 4; J. on Mot. to Recons. [ECF No. 30-21].  Petitioner then filed a motion to relieve counsel and for permission to proceed *pro se*.  R&R at 4; Mot. to Relieve Counsel [ECF No. 30-22].  After warning Petitioner of the dangers of proceeding *pro se* and the advantages of allowing counsel to continue representing him, the South Carolina Supreme Court granted Petitioner's motion.  R&R at 4; Orders

2

[ECF Nos. 30-24, 30-25].

On September 15, 2016, Petitioner filed a *pro se* motion challenging the accuracy of his PCR transcript. R&R at 5; Mot. Challenging PCR Tr. [ECF No. 30-26]. The South Carolina Supreme Court remanded the matter to the PCR judge for a hearing to determine the transcript's accuracy. R&R at 5; Remand Order [ECF No. 27]. The PCR judge determined there were no inaccuracies. R&R at 5; Hr'g on Mot. Challenging PCR Tr. [ECF No. 30-28]. Subsequently, Petitioner appealed the PCR court's order, raising four grounds alleging the PCR court erroneously rejected his claims that: (1) trial counsel was ineffective for failing to convey a formal plea offer, keep Petitioner reasonably informed of his case, and explain the plea offer so he could make an informed decision; (2) trial counsel was ineffective for failing to object to inadmissible evidence about prior convictions; (3) the prosecution knowingly used perjured testimony by prosecution witness Patricia Rice ("Rice"); and (4) the prosecution failed to tell investigators that they must not use Petitioner's arrest mug shot in its photo array. R&R at 5; Pet. for Cert. [ECF No. 30-30]. On February 15, 2018, the South Carolina Supreme Court denied a petition for writ of certiorari [ECF No. 30-32], and remittitur was filed with the state trial court on March 7, 2018 [ECF No. 30-33]. R&R at 5–6.

## B.     Federal Habeas Proceedings

On or about March 14, 2018[4], Petitioner timely filed his § 2254 petition, raising seventeen grounds.[5] Pet. at 5–11, 14–18; Resp. in Opp'n to Summ. J. at 2–5 [ECF No. 44]. On July 5, 2018, Respondent filed the instant second motion for summary judgment. [ECF No. 29]. On or about

---

[4]     *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's pleading is filed at the moment of delivery to prisoner authorities for forwarding to the district court).

[5]     As the R&R notes, Petitioner changed the grounds initially pursued in the § 2254 petition, clarifying his grounds in his response in opposition to Respondent's second motion for summary judgment. *See* R&R at 6–8.

November 2, 2018, after receiving three extensions of time, Petitioner filed a response in opposition [ECF No. 44], and on November 9, 2018, Respondent filed a reply thereto. [ECF No. 46]. On or about November 19, 2018, Petitioner filed a sur reply, which he subsequently supplemented twice. [ECF Nos. 48, 50, 51].

On December 11, 2018, the Magistrate Judge issued an order denying Petitioner's requests for a court-appointed attorney and an evidentiary hearing. [ECF No. 53]. On the same date, the Magistrate Judge issued the R&R, recommending the Court grant Respondent's second motion for summary judgment and dismiss the case with prejudice because: (1) the issues raised in grounds one through five were adjudicated on the merits in state court, the state court's decisions on those issues were not contrary to or an unreasonable application of clearly established federal law, and the decisions were not unreasonable determinations of the facts in light of the evidence presented, [R&R at 8–33]; and (2) Petitioner procedurally defaulted on the issues raised in grounds six through seventeen because he failed to properly pursue them in state court and he cannot overcome the defaults. R&R 33–36. The Magistrate Judge specifically advised the parties of the procedure for filing objections to the R&R and the consequences if they failed to do so. R&R at 52–53.

On or about February 11, 2019, after receiving two extensions of time, Petitioner timely filed objections to the R&R. [ECF No. 62]. On the same date, Petitioner filed the pending motion for a certificate of appealability. [ECF No. 63]. The matters are now ripe for the Court's consideration.

## Standards of Review

### A.    R&R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

*de novo* review of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, the Court need not conduct a *de novo* review of "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### B.     Section 2254 Petition

The scope of a federal court's review of a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is "highly constrained." *Lawrence v. Branker*, 517 F.3d 700, 707 (4th Cir. 2008). The Court cannot grant a § 2254 petition "with respect to any claim adjudicated on the merits in state court" unless the state court decision was "either contrary to, or an unreasonable application of, clearly established federal law as determined by the [United States] Supreme Court," *id.* (citing 28 U.S.C. § 2254(d)(1)), or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Richey v. Cartledge*, 653 F. App'x 178, 184 (4th Cir. 2016) (per curiam) (citing 28 U.S.C. § 2254(d)(2)). The Court "must presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Id.* (citing 28 U.S.C. § 2254(e)(1)).

### Objections

In his objections, Petitioner asserts the Magistrate Judge erred in: (1) concluding Petitioner failed to present anything other than conclusory allegations as to his claim that his counsel was ineffective, Objs. at 3; (2) rejecting Petitioner's claim that trial counsel was ineffective for failing to

5

convey a plea offer to him, Objs. at 7; (3) speculating that trial counsel had a legitimate tactical reason for failing to object to Rice's testimony where she blurted out, "he had already been incarcerated for something else . . . . He had made time for that!" Objs. at 15; (4) rejecting Petitioner's prosecutorial misconduct claim that the prosecutor knowingly used perjured testimony and failed to correct it, Objs. at 19; (5) rejecting Petitioner's prosecutorial misconduct claim that the prosecutor failed to tell investigators that they must not use Petitioner's arrest mug shot in their photo array lineup, Objs. at 28; (6) characterizing Petitioner's claim that he was denied the right to confront an adverse witness whose non-live testimony was used in trial as an ineffective assistance of counsel claim, Objs. at 33–34; (7) misconstruing Petitioner's claim that trial counsel failed to object to the prosecutor's closing statements, Objs. at 36; (8) rejecting Petitioner's claim that the 25-page limit for state appellate court briefs prejudiced him, Objs. at 41; (9) misconstruing that a mug-shot magazine was brought to light in Petitioner's state court hearing because the magazine was not admitted into evidence and any reference to it violated the rules of evidence, *id.*; and (10) denying Petitioner's request for appointment of counsel and an evidentiary hearing, Objs. at 43.

Petitioner also makes several objections related to the R&R's findings on Petitioner's PCR counsel, claiming the Magistrate Judge erroneously rejected Petitioner's claim that PCR counsel failed to raise ineffective-assistance-of-counsel claims against trial counsel for: (1) creating a conflict of interest, Objs. at 44; (2) failing to call prosecutor Mark Moyer as a witness to testify about a conversation he had with Rice while outside the presence of her attorney, Objs. at 46; (3) failing to investigate the circumstances of the case and possible witnesses present during the crime, Objs. at 48; (4) failing to put up a defense at trial, Objs. at 49; (5) failing to put the State's case to an adversarial testing, Objs. at 51; (6) failing to raise and argue a motion for an evidentiary hearing and motion to suppress a deadly weapon prior to trial, Objs. at 55; (7) advising Petitioner to not testify at trial, Objs.

at 56; and (8) failing to allege the prosecutor violated ethical rules and Petitioner's due process, Objs. at 58.

The Court notes Petitioner has not made specific objections to the R&R as required by 28 U.S.C. § 636(b)(1). His objections are general or merely rehash the same arguments made in his petition and response in opposition to Respondent's second motion for summary judgment. However, in an abundance of caution, the Court carefully reviews his objections and conducts a *de novo* review of Petitioner's grounds.

## Discussion

### A.    Grounds One through Five (Claims Adjudicated on the Merits)

"Before seeking federal habeas review of a claim, a petitioner ordinarily must raise that claim in the state court, complying with state procedural rules and exhausting available state remedies." *Gray v. Zook*, 806 F.3d 783, 797–98 (4th Cir. 2015). "[I]f a claim is exhausted in state court and not procedurally defaulted, then it was adjudicated on the merits and is subject to review under the deferential standards set forth in [28 U.S.C.] § 2254(d)." *Id.*

The Court cannot grant habeas relief on the following claims unless the state court decision was "either contrary to, or an unreasonable application of, clearly established federal law as determined by the [United States] Supreme Court," *Lawrence*, 517 F.3d at 707 (citing 28 U.S.C. § 2254(d)(1)), or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Richey*, 653 F. App'x at 184 (citing 28 U.S.C. § 2254(d)(2)).

**1.    Ground One**: Trial court erred in denying motion to suppress victim's identification of Petitioner because photo lineup was unreliable and unduly suggestive

Petitioner presented this claim on direct appeal, and the South Carolina Court of Appeals rejected it, holding the trial court properly denied the motion to suppress. *See* Ct. of Appeals Op. [ECF

No. 30-5 at 4–5]. The trial court held a hearing on the photo lineup pursuant to *Neil v. Biggers*, 409 U.S. 188 (1972). At a *Biggers* hearing, the trial court must assess the reliability of a victim's identification of a suspect via a photographic lineup. *See State v. Liverman*, 727 S.E.2d 422, 426 (S.C. 2012) (citing *Biggers*, 409 U.S. at 198) (recognizing two-pronged inquiry to determine whether due process requires suppression of an eyewitness identification: (1) "whether the identification resulted from unnecessary and unduly suggestive police procedures"; and (2) "if so, whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed"). During Petitioner's *Biggers* hearing, an issue arose about a mug-shot magazine featuring Petitioner's mug shot that the victim had allegedly seen prior to identification. *See* Trial Tr. 40:4–89:5. The trial court determined that the magazine was inadmissible and caused no *Biggers* issue because the magazine was not the result of governmental action. *Id.* at 88:6–89:2.

Later, during the PCR proceedings, Petitioner claimed that trial counsel was ineffective because she mentioned the magazine twenty-five time and the prosecutor mentioned it eight times when the magazine had been ruled inadmissible. At the PCR hearing, trial counsel testified that she had mentioned the magazine to discredit the lineup and the victim's identification. The PCR court found this testimony credible and further found that Petitioner failed to meet his burden of proving trial counsel should have objected to any mention of the magazine since it was part of trial counsel's defense and she had a valid strategic reason for mentioning it. The PCR court concluded that Petitioner failed to prove that trial counsel was deficient or that he was prejudiced. Order of Dismissal [ECF No. 30-18 at 14].

The Court finds that the PCR court's conclusion that the trial court held a proper *Biggers* hearing before denying Petitioner's motion to suppress was not contrary to, or involved an unreasonable application of clearly established federal law. Furthermore, nothing indicates that the PCR court's

8

decision was based on an unreasonable determination of the facts in light of the evidence presented in the PCR proceeding. The Court "must presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Richey*, 653 F. App'x at 184 (citing 28 U.S.C. § 2254(e)(1)). Petitioner fails to rebut that presumption. Therefore, the Court cannot grant habeas relief with respect to ground one of his § 2254 petition, and that claim is dismissed.

> **2.** **Ground Two**: Trial counsel failed to inform Petitioner of plea offer and its terms and conditions, depriving his ability to make an informed decision

Petitioner presented this claim in his PCR proceedings and properly exhausted it. A federal court may grant habeas relief on "ineffective assistance" grounds even when the state court has already rejected such claims if the state court's decision was "contrary to, or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing 28 U.S.C. § 2254(d)(1)). When the state court's application of federal law is challenged, "it must be shown to be not only erroneous, but objectively unreasonable." *Id.* (citations omitted).

"[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012); *see Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."). "[T]he two-part *Strickland v. Washington*[6] test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Lafler*, 566 U.S. at 162–63 (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The performance prong of *Strickland* "requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (quoting *Hill*, 474 U.S. at 57). The prejudice prong of

---

[6]    466 U.S. 668 (1984) (establishing the two-prong test for ineffective assistance of counsel claims).

*Strickland* requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163 (citations omitted).

Here, the PCR court properly applied *Strickland* to Petitioner's claim about the plea offer, finding that Petitioner failed to meet his burden of proving that trial counsel did not adequately convey and discuss the plea offer. Order of Dismissal [ECF No. 30-18 at 5–7]. Accordingly, the Court finds that the PCR court's decision was not contrary to, or involved an unreasonable application of clearly established federal law. Furthermore, nothing indicates that the PCR court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the PCR proceeding. The PCR court found credible trial counsel's testimony that she conveyed the plea offer and explained its terms to Petitioner and that Petitioner rejected the offer and refused to see her for several months, noting that trial counsel's file contained the plea offer letter from the State and her notes about meeting with Petitioner. *Id.* at 6–7. Accordingly, the PCR court concluded that trial counsel fulfilled her responsibilities with respect to the plea offer. The Court "must presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Richey*, 653 F. App'x at 184 (citing 28 U.S.C. § 2254(e)(1)). Petitioner has not rebutted that presumption. Therefore, the Court cannot grant habeas relief with respect to ground two of his § 2254 petition, and that claim is dismissed.

> **3.** **Ground Three**: Trial counsel failed to object to Rice's testimony about Petitioner's character

Petitioner presented this claim in his PCR proceedings and properly exhausted it. During the PCR proceedings, Petitioner claimed that trial counsel was ineffective for failing to object to

10

inadmissible testimony when Rice testified about a past criminal domestic violence charge she brought against Petitioner that was subsequently dismissed because he "had already been incarcerated for something else. He had made time for that. That was in the past. Let it go." Order of Dismissal [ECF No. 30-18 at 11 (citing Trial Tr. at 175:7–18, ECF No. 30-2)]. The PCR court found that Petitioner failed to meet his burden of proving trial counsel should have objected to this testimony. *Id.* Trial counsel testified that she made a strategic decision to not object because Rice's comment was brief and she did not want to draw more attention to it. *Id.* The PCR court found trial counsel articulated a valid reason for not objecting and Petitioner failed to demonstrate he suffered any prejudice as a result of the testimony. *Id.* (citing *Roseboro v. State*, 454 S.E.2d 312, 313 (S.C. 1995); *White v. State*, 417 S.E.2d 529, 531 (S.C. 1992)). The Court "must presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Richey*, 653 F. App'x at 184 (citing 28 U.S.C. § 2254(e)(1)). Petitioner fails to rebut that presumption. Accordingly, nothing indicates that the PCR court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the PCR proceeding. Furthermore, the Court finds that the PCR court's decision was not contrary to clearly established federal law. Therefore, the Court cannot grant habeas relief with respect to ground three of his § 2254 petition, and that claim is dismissed.

    **4.**    **Ground Four**: Prosecutor knowingly used perjured testimony from Rice
           **Ground Five**: Prosecutor engaged in misconduct by using photos from a mug-shot magazine in the lineup used to identify Petitioner

The PCR court discussed these issues as ineffective-assistance-of-counsel claims based on Petitioner's testimony that trial counsel failed to argue prosecutorial misconduct for using perjured testimony and a fundamentally unfair photo lineup. Order of Dismissal [ECF No. 30-18 at 10–11, 15–16]. However, in his PCR appeal and instant response in opposition, Petitioner re-characterized these claims as ones for prosecutorial misconduct. *See* Pet. for Cert. [ECF No. 30-30 at 18–22, 23–25];

Resp. in Opp'n [ECF No. 44 at 16–24, 24–29]. The Magistrate Judge noted that straight prosecutorial misconduct claims are direct appeal issues, and under South Carolina law, "[i]ssues that could have been raised at trial or on direct appeal cannot be asserted in an application for [PCR]." R&R at 29 (citing *Portee v. Stevenson*, C.A. No.: 8:15-cv-487-PMD-JDA, 2016 WL 690871, at *2 (D.S.C. Feb. 22, 2016)). Technically, these claims are procedurally defaulted. However, since Respondent failed to raise this, the Magistrate Judge discussed these claims as Petitioner presents them.[7]

To establish prosecutorial misconduct, Petitioner must demonstrate that "the prosecutor's conduct was improper and that it prejudicially affected his substantial rights." *United States v. Pepke*, 662 F. App'x 225, 226–27 (4th Cir. 2016) (per curiam) (citing *United States v. Caro*, 597 F.3d 608, 624–25 (4th Cir. 2010)). The PCR court noted the prosecutor's testimony that he had no concerns that Rice perjured herself and had no doubt she was telling the truth. ECF No. 30-18 at 10. The PCR court found that Petitioner failed to demonstrate Rice offered incorrect or perjured testimony. The Court "must presume state court findings of fact to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." *Richey*, 653 F. App'x at 184 (citing 28 U.S.C. § 2254(e)(1)). Petitioner has not rebutted that presumption. Accordingly, nothing indicates that the PCR court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the PCR proceeding. Furthermore, the Court finds that the PCR court's decision was not contrary to

---

[7] Even if the Court construes grounds four and five as ineffective-assistance-of-counsel claims for PCR counsel's failure to raise appellate counsel's ineffectiveness for failing to pursue prosecutorial misconduct claims on direct appeal, such alleged deficiency by PCR counsel is one step removed from the scenario where *Martinez* applies: "where a claim of ineffective trial counsel asserted in a § 2254 petition is procedurally defaulted because of a lack of effective legal assistance during the first level of state-court collateral review." *See Portee*, 2016 WL 690871 at *3 ("Instead of PCR counsel's error defaulting the underlying § 2254 ground, it defaulted a basis for excusing the default of that underlying ground."). Moreover, any alleged deficiency by PCR counsel relates to ineffective appellate counsel, not trial counsel, and "*Martinez* does not apply to ineffective assistance of appellate counsel claims." *Neumon v. Cartledge*, No. 8:14-cv-2256-RMG, 2015 WL 4607732, at *11 n.12 (D.S.C. July 31, 2015). Additionally, *Martinez* does not apply where the underlying defaulted ground was one of prosecutorial misconduct. *Hilton v. McCall*, C/A No. 1:12-1540-TMC, 2013 WL 40117341, at *2 (D.S.C. Aug. 5, 2013).

clearly established federal law. Therefore, the Court cannot grant habeas relief with respect to grounds four and five of his § 2254 petition, and those claims are dismissed.

**B.      Grounds Six through Seventeen (Procedurally Defaulted Claims)**

In his objections related to these grounds (listed from page 44 onward of his filing), Petitioner admits he procedurally defaulted on the claims raised therein; however, he asserts the R&R errs in recommending that he fails to overcome the default. *See* Objs. at 44.

Procedural default bars the Court's consideration of a habeas claim. *Richey*, 653 F. App'x at 184 (citing 28 U.S.C. § 2254(b)); *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."). To overcome a default, a petitioner must show "sufficient cause for his failure to raise the claim below and actual prejudice resulting from that failure." *Richey*, 653 F. App'x at 184 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Here, Petitioner bases his claims in grounds six through nine on the alleged ineffective assistance of trial counsel; his claims in grounds ten through seventeen are based on the alleged ineffective assistance of PCR counsel.

1.    **Ineffective Assistance of Trial Counsel (Grounds Six through Nine)**

Although Petitioner raised the claims in grounds six[8] through nine in his initial PCR

proceedings, he failed to pursue them in his PCR appeal. *Compare* Appl. for PCR [ECF Nos. 30-9, 30-

10, 30-15] (raising these grounds), *with* Pet. for Writ (raising four unrelated grounds). Because he

failed to preserve these issues, they are procedurally barred from federal review. 28 U.S.C. § 2254(b);

*see Sullivan v. Padula*, 2013 WL 876689, at *6 (D.S.C. Mar. 8, 2013) (citing *Smith v. Murray*, 477 U.S.

527, 533 (1986)) (holding that ineffective-assistance-of-trial-counsel claim not pursued in PCR appeal

was procedurally barred).

To overcome this default, Petitioner must show cause and prejudice. As "cause" for his default

on grounds six through nine, Petitioner points to his *pro se* status and the state court's 25-page limit for

briefs, which he contends prevented him from properly pursuing these claims. Resp. in Opp'n at 29–31

(stating Petitioner could litigate only four claims in a 25-page limit with no attorney to assist), 34

(ground six: "because of no attorney [Petitioner] has demonstrated cause and shown prejudice"), 38

(ground seven: "because there was no attorney . . . and [Petitioner] is a layman[,] he has demonstrated

cause and shown prejudice to defeat procedural bar"), 41 (ground eight: same).[9]

Petitioner was specifically warned by the state court of the hazards of proceeding *pro se*, and

---

[8]    As the R&R notes, in ground six, Petitioner alleges a Sixth Amendment Confrontation Clause violation, claiming he was denied the right to confront an adverse witness, the victim's brother, whose testimony was used at trial. R&R at 34 n.6; *see* Resp. at 31–34. However, during his PCR proceedings, Petitioner presented this as an ineffective-assistance-of-trial-counsel claim, and the PCR court ruled on that claim as presented. See ECF No. 30-18 at 9–10. The R&R correctly recommends that under either posture, this claim is procedurally barred. To the extent the claim is an alleged Sixth Amendment violation, Petitioner must have raised it on direct appeal, which he did not. In South Carolina, "[i]ssues that could have been raised at trial or on direct appeal cannot be asserted in an application for [PCR]." R&R at 29 (citing *Portee*, 2016 WL 690871 at *2). Construing the claim as one for ineffective assistance of trial counsel—as the PCR court did—Petitioner procedurally defaulted on it by failing to raise this claim in his PCR appeal.

[9]    Petitioner does not specifically argue any cause with respect to the default of ground nine; however, in light of the Court's duty to liberally review *pro se* pleadings, the Court assumes Petitioner intended to make the same "cause" argument for this ground as he does for grounds six through eight.

he chose to do so anyway. *See* ECF Nos. 30-24, 30-25. The Court finds that Petitioner's decision to proceed *pro se* and his inability to state his claims within the 25-page limit for briefs do not constitute cause to excuse his procedural default of grounds six through nine. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'ineffective assistance of counsel.'"); *see also* Holloway *v. Smith*, No. 95-7737, 81 F.3d 149 (Table), 1996 WL 160777, at *1 (4th Cir. 1996) (per curiam) (citing *Miller v. Bordenkircher*, 764 F.2d 245, 251–52 (4th Cir. 1985)) ("[Petitioner] does not meet the cause and prejudice standard because unfamiliarity with the law and his pro se status do not constitute adequate justification to excuse his failure to present the claim earlier."); *Petrick v. Thornton*, 2014 WL 6626838, at *4 (M.D.N.C. Nov. 21, 2014) (quoting *Jones v. Armstrong*, 367 F. App'x 256, 258 (2d Cir. 2010)) ("'[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law. . . . [Petitioner's] pro se status, without more, cannot constitute cause sufficient to excuse the procedural default . . . .""). Accordingly, the Court cannot grant habeas relief with respect to grounds six through nine of his § 2254 petition, and those claims are dismissed.

### 2. Ineffective Assistance of PCR Counsel (Grounds Ten through Seventeen)

Grounds ten through seventeen were not raised in Petitioner's initial PCR proceedings. *See* Appl. for PCR [ECF Nos. 30-9, 30-10, 30-15]. Accordingly, those claims are procedurally barred. 28 U.S.C. § 2254(b); *see Cudd v. Ozmint*, C/A No. 0:08-2421-RBH, 2009 WL 3157305, at *3 (D.S.C. Sept. 25, 2009) (holding that issue not considered by PCR court was procedurally barred); *see also White v. Burtt*, 2007 WL 709001, at *8 (D.S.C. Mar. 5, 2007) (citing *Pruitt v. State*, 423 S.E.2d 127, 127–28 (S.C. 1992)) (holding that issue must be raised to and ruled on by the PCR court in order to be preserved for review). To overcome this default, Petitioner must show cause and prejudice. As "cause" for his default on grounds ten through seventeen, Petitioner points to the alleged ineffectiveness of his

PCR counsel for failing to raise these grounds.  *See*, *e.g.*, Resp. in Opp'n at 46, 49 ("[Petitioner] has demonstrate[d] . . . cause to excuse default because [PCR] counsel . . . was ineffective . . . for failing to raise [ineffective assistance] of trial counsel).

Typically, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings" is not a ground for relief under § 2254.  28 U.S.C. § 2254(i); *see Martinez*, 566 U.S. at 9 ("[A]n attorney's ignorance or inadvertence in a [PCR] proceeding does not qualify as cause to excuse a procedural default.").  However, under *Martinez*, a narrow exception permits inadequate assistance of counsel at initial-review collateral proceedings—"a prisoner's 'one and only appeal'" for a claim of ineffective assistance at trial— to establish cause for his procedural default.  *Id.* at 8, 9 (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991)).  "Cause" to excuse a default exists where:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective-assistance-of-counsel [claim] . . . be raised in an initial-review collateral proceeding.

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (alteration in original) (citing *Martinez*, 556 U.S. at 14–16).

An underlying ineffective-assistance-of-counsel claim is "substantial" if it has 'some merit.'" *Richey*, 653 F. App'x at 184 (quoting *Martinez*, 566 U.S. at 14).  "Relatedly, to show ineffective assistance, the petitioner must make a 'substantial' showing with respect to both counsel's competency (first-prong *Strickland*) and prejudice (second-prong *Strickland*)."  *Teleguz v. Zook*, 806 F.3d 803, 815 (4th Cir. 2015).  To make a substantial showing of incompetency, the petitioner must demonstrate "'that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment."  *Id.* (quoting *DeCastro v. Branker*, 642 F.3d 442, 450 (4th Cir. 2011)).  To make

a substantial showing of prejudice, the petitioner must demonstrate "that 'counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable' i.e., that there was 'a substantial, not just conceivable, likelihood of a different result." *Id.* (quoting *DeCastro*, 642 F.3d at 450).

Accordingly, the Court first examines whether the alleged ineffective assistance of trial counsel undergirding Petitioner's ineffective-assistance-of-PCR-counsel claims have "some merit," thus demonstrating cause. If the Court finds these claims lack merit, then there is no "cause" for Petitioner's procedural default on grounds ten through seventeen.

      a.    **Ground Ten**: PCR counsel was ineffective for failing to raise trial counsel's conflict of interest at trial

Petitioner contends that trial counsel created a conflict of interest because she divulged Petitioner's prior relationship with Rice to investigators. Resp. in Opp'n at 47–50. During pre-trial motions, Petitioner made a *pro se* motion to relieve trial counsel because of this divulgence, testifying that he told trial counsel in confidence that he had lived with Rice. Trial Tr. at 7:24–10:22. In response, trial counsel stated that she did not believe this information was given in confidence and during a motion to reconsider Petitioner's bond, she may have asked investigating officer Mike Jarvis whether he knew Petitioner and Rice had been in a relationship in an effort to persuade the court to reconsider giving Petitioner a bond. *Id.* at 10:24–11:23; 12:22–13:11. She further stated that because Rice was the prosecution's witness, they would learn this information regardless. *Id.* at 11:11–13. Prosecutor Mark Moyer responded that he knew about the relationship independently from Rice, not based on anything trial counsel said at the bond hearing. *Id.* at 15:8–16:1. The trial court denied Petitioner's motion. *Id.* at 16:12.

"To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must

establish that (1) his attorney labored under 'an actual conflict of interest' that (2) 'adversely affected his lawyer's performance.'" *Mickens v. Taylor*, 240 F.3d 348, 355 (4th Cir. 2001) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). In South Carolina, "[a]n actual conflict of interest occurs where an attorney owes a duty to a party whose interests are adverse to the defendant[']s." *State v. Gregory*, 612 S.E.2d 449, 450 (S.C. 2005). "The mere possibility defense counsel may have a conflict of interest is sufficient to impugn a criminal conviction." *Id.* (citation omitted).

Here, there is no actual conflict of interest because Petitioner's allegations fail to show that trial counsel owed any duty to another party. Thus, Petitioner fails to show "some merit" to the claim undergirding his ineffectiveness-of-PCR-counsel claim in ground ten. Accordingly, he fails to demonstrate "cause" to overcome his default. Therefore, the Court cannot grant habeas relief with respect to ground ten of his § 2254 petition, and that claim is dismissed.

> b. **Ground Eleven**: PCR counsel was ineffective for failing to raise trial counsel's failure to call the prosecutor to the witness stand and question him about his conversation with Rice while she was outside her attorney's presence
>
> **Ground Seventeen**: PCR counsel was ineffective for failing to raise trial counsel's failure to claim that the prosecutor violated the rules of professional ethics and cannons of law and denying Petitioner's due process

Petitioner contends trial counsel was ineffective for failing to call the prosecutor as a witness to question him about his conversation with Rice. Resp. in Opp'n at 50. Relatedly, he claims trial counsel was ineffective for failing to claim the prosecutor violated the law and legal ethics for his conversation with Rice. *Id.* at 63–64.

With respect to calling the prosecutor as a witness, a defendant who wishes to do so "must demonstrate a compelling and legitimate reason." *United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997) (citation omitted), *cert. denied*, 521 U.S. 1106 (1997); *see also United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990) (quoting *United States v. Dupuy*, 760 F.2d 1492, 1498 (9th Cir. 1985))

18

("As the . . . Ninth Circuit has held, courts have properly refused to permit a prosecutor to be called as a defense witness 'unless there is a compelling need.'"); *United States v. Birdman*, 602 F.2d 547, 552–53 (3d Cir. 1979) (collecting cases) ("The courts have shared the legal profession's disapproval of the double role of advocate-witness. In particular, the federal courts have almost universally frowned upon the practice of a Government prosecutor testifying at the trial of the case he is prosecuting, whether for or against the defendant . . . ."). A participating prosecutor should not be called as a witness "unless all other sources of possible testimony have been exhausted." *United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982) (citing *United States v. Torres*, 503 F.2d 1120, 1126 (2d Cir. 1974)).

Here, trial counsel cross-examined Rice about any bias she had to testify against Petitioner, including offers from the prosecution to testify in exchange for dismissal of criminal charges against her, which Rice denied. Trial Tr. 168:25–175:4. Rice herself was a source of testimony to probe her conversation with the prosecution, and there was no compelling or legitimate reason to call the prosecutor to the witness stand. Accordingly, trial counsel was not ineffective for failing to call the prosecutor as a witness.

With respect to any ethical or legal violation, there is no prohibition against a prosecutor meeting with a witness or co-defendant in a criminal case. There is no indication of any ethical or legal violations by the prosecutor here. In the absence of any indication of ethical or legal violations by the prosecutor, trial counsel was not ineffective for failing to claim otherwise.

Petitioner fails to show "some merit" to the claims supporting his ineffectiveness-of-PCR-counsel claim in grounds eleven and seventeen. Accordingly, he fails to demonstrate "cause" to overcome his default. Therefore, the Court cannot grant habeas relief with respect to grounds eleven and seventeen of his § 2254 petition, and those claims are dismissed.

     c.     **Ground Twelve**: PCR counsel was ineffective for failing to raise trial counsel's failure to investigate the case's circumstances and possible witnesses

          **Ground Thirteen**: PCR counsel was ineffective for failing to raise trial counsel's failure to put up a defense

          **Ground Fourteen**: PCR counsel was ineffective for failing to raise trial counsel's failure to put the State's case to an adversarial testing

Petitioner contends trial counsel was ineffective for various alleged failings, including failure to investigate, failure to put up a defense, and failure to test the State's case against him. Resp. in Opp'n at 53–60. However, the record refutes these claims. For example: (1) Petitioner gave trial counsel the names of several witnesses, and trial counsel interviewed some of them, but Petitioner did not ask trial counsel to contact several potential witnesses, Evidentiary Hr'g Tr. at 42:5–44:1 [ECF No. 30-17]; (2) trial counsel objected to the photo lineup used to identify Petitioner, moved to suppress it, cross-examined the officer who conducted the lineup and the victim who identified Petitioner, and retained an expert witness who testified about the unreliability of eyewitness identifications, Trial Tr. 40:4–9, 48:16–53:14, 64:15–68:6, 70:21–79:5; (3) cross-examined the responding officer about the victim's possible intoxication at the time of the robbery, *id.* at 152:11–156:5; (4) cross-examined Rice about her bias to testify against Petitioner, *id.* at 168:19–175:4; (5) moved for a directed verdict, which was denied, *id.* at 208:4–209:1; (6) questioned in closing arguments whether the prosecution met its burden of proof, *id.* at 229:14–245:4; and (7) successfully obtained Petitioner's acquittal on the weapon charge, *id.* at 267:12–15.

Even assuming trial counsel failed to investigate certain witnesses favorable to the defense, raise additional defenses, and further challenge the State's case, Petitioner fails to show the likelihood of a different trial outcome. Petitioner fails to show "some merit" to the claims supporting his ineffectiveness-of-PCR-counsel claim in grounds twelve, thirteen, and fourteen. Accordingly, he fails

to demonstrate "cause" to overcome his default. Therefore, the Court cannot grant habeas relief with respect to grounds twelve, thirteen, and fourteen of his § 2254 petition, and those claims are dismissed.

        d.      **Ground Fifteen**: PCR counsel was ineffective for failing to raise trial counsel's failure to argue a motion for an evidentiary hearing and to suppress a deadly weapon

      Petitioner contends that trial counsel was ineffective for failing to move for an evidentiary hearing to suppress a knife introduced into evidence by the prosecution. Resp. in Opp'n at 60–61. Petitioner was indicted for armed robbery and possession of a weapon during the commission of a violent crime. The victim testified that when Petitioner attacked him, he held a knife to his throat, even though the victim could not see it. Trial Tr. at 128:1–3. Rice testified that she was present during the robbery but because it was dark and Petitioner had his back to her, she could not see a weapon. *Id.* at 167:1–10. The arresting officer, Johnny Brown, testified that when he arrested Petitioner and patted him down, he found a knife in one of Petitioner's front pockets. *Id.* at 182:5–10. With no objection from the defense, the prosecution introduced the knife into evidence during investigating officer Mike Jarvis's testimony. *Id.* at 194:6–18. However, the jury acquitted Petitioner of the weapon charge. Accordingly, Petitioner cannot show that even if trial counsel had made a motion to suppress the weapon, the outcome of his trial would have been different. Petitioner fails to show "some merit" to the claims supporting his ineffectiveness-of-PCR-counsel claim in ground fifteen. Accordingly, he fails to demonstrate "cause" to overcome his default. Therefore, the Court cannot grant habeas relief with respect to ground fifteen of his § 2254 petition, and that claim is dismissed.

        e.      **Ground Sixteen**: PCR counsel was ineffective for failing to raise trial counsel's bad advice to Petitioner to not testify in his own defense

      Petitioner contends trial counsel was ineffective for failing to properly advise him to testify in his own defense. Resp. in Opp'n at 61–63. However, the record shows that Petitioner did not want to

testify. The trial court advised Petitioner of his right to testify, and he responded under oath that he and trial counsel discussed the matter and that he made the decision to remain silent. Trial Tr. at 209:11–210:13. In his response in opposition, Petitioner alleges trial counsel advised him to remain silent because testifying would allow the prosecution to introduce his past convictions into evidence. Resp. in Opp'n at 62. However, he alleges no improper threats or coercion.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* (citations omitted); *but see United States v. Stevens*, No. 96-7899, 129 F.3d 1261 (Table), 1997 WL 716228, at *1–2 (4th Cir. 1997) (per curiam) (remanding case for an evidentiary hearing after finding federal habeas prisoner's claim that counsel prevented him from testifying on his own behalf by threatening him with a more severe sentence if he testified was "potentially meritorious" because the trial court failed to resolve a factual dispute about the alleged threat).

Even assuming trial counsel failed to properly advise Petitioner about testifying in his own defense, Petitioner fails to show the likelihood of a different trial outcome given the evidence of his guilt presented at trial. Petitioner fails to show "some merit" to the claims supporting his ineffectiveness-of-PCR-counsel claim in ground sixteen. Accordingly, he fails to demonstrate "cause" to overcome his default. Therefore, the Court cannot grant habeas relief with respect to ground sixteen of his § 2254 petition, and that claim is dismissed.

In summation, Petitioner fails to show "some merit" to the alleged ineffective assistance of trial counsel undergirding Petitioner's ineffective-assistance-of-PCR-counsel claims. Accordingly, there is no "cause" for Petitioner's procedural default on grounds ten through seventeen. Therefore, the Court cannot grant habeas relief on these defaulted grounds, and they are dismissed.

**C.    Petitioner's Requests for an Evidentiary Hearing and Appointment of Counsel**

The decision to grant an evidentiary hearing is in the Court's discretion. *Muquit v. McFadden*, Civil Action No.: 8:14-cv-03555-RBH, 2016 WL 4613398, at *5 (D.S.C. Sept. 6, 2016) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). If a petitioner has failed to develop the factual basis of a claim in state-court proceedings, the Court will hold an evidentiary hearing only if the facts underlying the claim would be sufficient to establish by clear and convincing evidence that "but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense" and the claim relies on: (1) "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence[.]" 28 U.S.C. § 2254(e)(2). Here, the Court has the pertinent transcripts and filings of the state court proceedings, which it has thoroughly reviewed. There are no circumstances justifying an evidentiary hearing in this case. Accordingly, Petitioner's request for a hearing is denied.

Counsel may be appointed for state prisoners collaterally attacking their convictions under § 2254 to aid the litigant and the Court in the discovery process and during evidentiary hearings or in exceptional cases. *See Gordon v. Leeke*, 574 F.2d 1147, 1154 n.3 (4th Cir. 1978); *Phagan v. Weber*, Civil Action No. 8:18-564-TMC, 2018 WL 3100018 at *4 (D.S.C. June 25, 2018) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)). "An exceptional case exists when 'it is apparent . . . that a *pro se* litigant has a colorable claim but lacks the capacity to present it . . . .'" *Phagan*, 2018 WL 3100018 at *4 (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)). Because the Court denies Petitioner's request for an evidentiary hearing and finds no exceptional circumstances, the Court

denies his request for appointment of counsel.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has thoroughly reviewed the entire record, including the R&R and objections, and the applicable law. For the foregoing reasons, the Court adopts and incorporates by reference the R&R [ECF No. 54]. Accordingly, the Court **GRANTS** Respondent's second motion for summary judgment [ECF No. 29] and **DISMISSES** Petitioner's § 2254 petition [ECF No. 1] with prejudice. Furthermore, the Court **DENIES** Petitioner's motion for a certificate of appealability [ECF No. 63].

**IT IS SO ORDERED.**

Florence, South Carolina                                  s/ R. Bryan Harwell
March 29, 2019                                            R. Bryan Harwell
                                                         United States District Judge

24